IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Richard Alvin Sims, #273381, ) | |
| ) | Civil Action No. 6:07-1667-HMH-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Colie Rushton, Warden of McCormick ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

**BACKGROUND OF THE CASE**

The record reveals that the petitioner is currently confined to McCormick Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment of the Clerk of Court for Newberry County. The Newberry County grand jury indicted the petitioner on April 9, 2001, for (1) assault on a police officer while resisting arrest (01-GS-36-0200), and (2) failure to stop for a blue light (00-GS-36-0201). The same day, the grand jury also issued a two-count indictment against the petitioner for possession with intent to distribute crack cocaine ("PWID crack"), and possession with intent to distribute crack cocaine within ½-mile of a school or park (00-GS-36-0202). The petitioner was represented at the trial level by attorney Cliff Scott. On May 16-17, 2001, the petitioner went to trial on the

above-listed offenses before the Honorable Gary E. Clary. The jury convicted the petitioner of all offenses but the charge for possession within ½-mile of a park or school. Judge Clary then sentenced the petitioner to 10 years for assault on a police officer, three years for failure to stop for a blue light, and 25 years for PWID crack. The terms for assault and PWID were to run consecutively to one another. A timely notice of appeal was filed with the South Carolina Court of Appeals on May 18, 2001. Chief Attorney Daniel T. Stacey, of the South Carolina Office of Appellate Defense, was appointed to represent the petitioner in his direct appeal. On July 15, 2002, Stacey filed a "no merit" *Anders* final brief of appellant and petition to be relieved as counsel, in which Stacey raised the following issue:

> Whether the court erred when it overruled appellant's Baston challenge where the solicitor's articulated reason for striking a Black juror was pretextual?

On March 6, 2003, the South Carolina Court of Appeals issued an opinion in which it dismissed the direct appeal after *Anders* review. However, the petitioner subsequently filed a *pro se* initial brief dated March 24, 2003, in which he raised the following issues (verbatim):

> (1)    Was the Appellant convicted in violation of the Fourth Amendment to the United States Constitution and Article I, Section 10 of the South Carolina Constitution where the findings of probable cause was not supported by S.C. Code Ann. 17-13-50 (1993), as amendend?
>
> (2)    Was the Appellant in violation of South Carolina Constitution Article I, Section II and S.C. Code Ann. 17-13-50 (1193), as amended where the assigning of Appellant's crime is within the exclusive jurisdiction of the magistrate's court?
>
> (3)    Was the Appellant prosecuted negligently by the State which in effect deprived the Appellant of his right to assert his speedy trial by an impartial jury by himself or by counsel?
>
> (4)    Did the Appellant waive his statutory or constitutional right of arraignment, to be fully informed of the charge being presented to the jury, of his rights of trial by an impartial jury, or his entitlement of counsel, or be heard by himself in his defense before the indictment is presented to the grand jury?

On April 2, 2003, the clerk of the state court of appeals advised the petitioner that since the initial brief came in late, it would be treated as a petition for rehearing. That rehearing petition was denied by the court by order on April 18, 2003.

The petitioner subsequently filed a *pro se* "Motion to Raise Subject Matter Jurisdiction" dated April 22, 2003. This was returned by the court of appeals by letter dated April 30, 2003, since the petitioner had no action still pending before the court.

The petitioner then filed with the South Carolina Supreme Court a petition for writ of certiorari dated May 21, 2003, in which he raised the following issues (verbatim):

> (1)   Did the Court of Appeals err where it denied Petitioner's Motion for Rehearing rasing issue concerning question of jurisdiction, and can Petitioner raise question in this Court for first time on Appeal?
>
> (2)   Does "any" trial court have subject matter jurisdiction to Issue a warrant in a "persons" absence for a crime, and does this prejudice an accused's trial right?
>
> (3)   Under Article V, § 4 does this Court have the original jurisdiction to regulate "Bench Trials", and "jury trials" in this state pursuant to S.C. Code Ann § 17-23-60 (1976)?

The petition for writ of certiorari was denied by the state supreme court by order dated November 6, 2003. The petitioner then filed a motion for reconsideration dated November 12, 2003, in which he raised the following claims (verbatim):

> (1)   The Petitioner would contend that the combined effect of S. C. Code Ann § 17-23-162 (Supp. 2000) and, in addition, S.C. Code Ann § 40-5-80 (1986), was to deprive the magistrate's court of subject matter jurisdiction to issue his warrants of arrest in his absence. See Brown v. State, 343 S. C. 342, 540 S.E. 2d 846 (S.C. 2001).
>
> (2)   South Carolina holds that where two or more persons combine or join in agreement to accomplish an unlawful object this constitutes a conspiracy in violation of S.C. Code Ann. § 16-17-410 (1976) or. S.C. Code Ann. § 16-5-10 (1985) under State v. Hammitt, 341 S. C. 638, 535 S. E. 2d 459 (2000) and Lawson v. South Carolina Department of Corrections, 340 S. C. 346, 532 S.E. 2d 259 (S.C. 2000).

3

(3)     The South Carolina Attorney General under Section 1-7-100 (1962) has a civic duty to instruct the County prosecutor of their duties pertaining to trials and grand jury proceedings or when the safety of the Citizens would require it, and the County Prosecutor has a civic duty under Section 1-7-320 (1962) to instruct officers must prosecute the criminal case pursuant to § 22-3-710, §17-13-50, and §17-23-162 to afford a person arrested at the preliminary hearing their minimal opportunity for discovery to protect their liberty by a fundamentally fair trial. Morever, where the right to a preliminary haring is provided by statutory law under the due process and equal protection clause of S.C. Const. Art. I, §3 the States owes a Citizen this proceeding to prevent a violation of S.C. Const. Art. I, §10.

(4)     The transmittal of this vital record containing Brady material, warrant of arrest endorsed by the magistrate, and all other proceedings in this trial court pursuant to Section 22-5-540 (1962) and SCRCrimP Rule 39a) ten days respectfully before the Petitioner's appearance of Solicitor's in the Court of General Sessions where this record filed in this Court protects the fair trial right this should show that under the Fifth and Fourteenth Amendments Due Process Clause pertaining to the Brady material carried or transmitted would give Rule 3 the constitutional force of law and would mandate all of the indictments be filed with the Clerk of Court before they are presented to the grand jury and of course the Petitioner being called before the Court as required by §40-5-80 to allow him to be heard.

(5)     This legal concept was not offensive to S.C. Const. Art. V, Section 7 and 23 in 1973 when the Constitution was ratified nor does it offend S.C. Const. Art. V, Section 11 and 26 of the 1882 in State v. Keenan, 278 S.C. 361, 296 S.E. 2d 676 (S.C. 1982) statutes §22-5-320 (1976) and §17-23-160 (1980) was ruled to be unconstitutional, meaningless and void by this Court, so why does this very same Court allow the State to disrespect it by arguing unconstitutional, meaningless and void standard of law of Citizens to deprive them of their right to this proceeding. Further, it is evident that the State who are at all times well skilled in the law knew this important fact and deliberately sought to make sure S. C. Const. Art. XXI, §2 to which a person convicted of was entitled from 1973 to 1998 could never be put before a court having competent jurisdiction to hear this complaint by first presenting it to the magistrate and then obtaining judicial review pursuant to §§ 18-3-10 through 18-3-60 and S.C. Const. Art. V, §11 and S.C. Const. Art. I, §22 and counsel mandated to appear at this preliminary hearing if

> requested hopefully would not have sandbagged the Citizens for
> thirty years as the State has.

The state supreme court denied this motion by order dated November 18, 2003. The remittitur was sent down on November 7, 2003.

The petitioner next filed a *pro se* application for post-conviction relief on January 25, 2001 (2001-CP-11-0064), in which he asserted a number of claims in narrative form. The State filed a return dated April 19, 2004. An evidentiary hearing in the petitioner's APCR was held on January 12, 2005, before the Honorable Wyatt T. Saunders. The petitioner was present and represented by attorney Gwendlyne Smalls. The petitioner called himself to testify; the State called trial counsel. Judge Saunders orally denied relief at the hearing, and on March 16, 2004, filed an order of dismissal with prejudice rejecting the petitioner's claims.

Attorney Smalls timely filed a notice of appeal with the state supreme court from the PCR order of dismissal. Robert M. Pachak of the South Carolina Office of Appellate Defense was appointed to represent the petitioner in his APCR. On October 25, 2005, Pachak filed a petition for writ of certiorari in which he raised the following issue (verbatim):

> Whether petitioner's case should be remanded for a
> determination of whether or defense counsel was ineffective in
> failing to object to the sentence being enhanced on petitioner's
> drug offence when his prior marijuana was an uncounsel guilty
> plea with jail time?

The State filed a return to the petition for writ of certiorari on January 9, 2006. The case was transferred to the state court of appeals. On May 14, 2007, the state court of appeals issued an order denying the petition for writ of certiorari, and the remittitur was sent down on June 1, 2007.

In his petition now before this court, the petitioner makes the following allegations:

5

> (1)     Trial Counsel was ineffective as to the assault while resisting arrest charge because he did not object and he did not ask for a lesser offense.
>
> (2)     Counsel was ineffective for failure to challenge the chain of custody of the alleged crack cocaine.
>
> (3)     Petitioner was denied due process of law when the trial court overruled Petitioner's "Batson's" challenge where the solicitor's articulated reason for striking a Black juror was pretextual [sic].
>
> (4)     Counsel was ineffective for failing to object to Petitioner's prior misdemeanor, uncounseled conviction for simple possession of marijuana being used to enhance his sentence.

On September 19, 2007, the respondent filed a motion for summary judgment. By order filed September 20, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner sought and received two extensions of time to respond, and filed his response to the motion on December 10, 2007.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

6

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific,

7

material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds,* 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson,* 477 U.S. at 248. Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

## ANALYSIS

### *Ground One*

The petitioner's first ground for relief is that "Trial Counsel was ineffective as to the assault while resisting arrest charge because he did not object and he did not ask for a lesser offense." The petitioner contends his counsel failed to "object" to the assault charge and failed to seek a lesser included offense, based on his contention that he merely "brushed" the officer when he drove away in his car.

At trial, Patrolman Kevin Hughes testified he and Officer Gallman stopped the petitioner for speeding(PCR App. 36). After discovering the petitioner had outstanding warrants, the officers asked him to step out of the car. The petitioner put the car into drive. Gallman ran in front of the car and Hughes attempted to reach in the car to grab the petitioner. Hughes thought Gallman may have been brushed by the petitioner's car as the petitioner drove away, but they both ran back to their cruiser and pursued the petitioner (PCR

8

App. 43). On cross-examination, Hughes admitted he was not hurt, and admitted he did not know if the car hit Gallman, but Gallman was able to run back to the cruiser (PCR App. 53).

Officer Gallman testified that he saw the car "flinch" when the petitioner put it in drive, so he started to gradually get out of the way. Gallman testified that had he not noticed the "flinch," he would have been run over. However, Gallman stated he was hit, or "glimpsed," on the leg by the car as the petitioner drove off (PCR App. 59-60). On cross-examination, Gallman stated he only got "glanced" on the leg by the car, and he admitted he was not injured. He stated the petitioner did look at him as he was walking in front of the car over to the passenger side (PCR App. 63-64). On redirect, Gallman was clear that the car did touch him on the leg. PCR App. 64-65.

Trial counsel moved for a directed verdict on the assault charge, arguing that the mere "glance" was insufficient to show an intent to harm Officer Gallman. The trial court found the issue to be for the jury (PCR App. 112-13).

At PCR, the petitioner claimed counsel was ineffective for not asking for a lesser included offense and for failing to investigate the crime to discover that the officer was not injured by the assault. The petitioner stated he asked his lawyer to cross-examine the officer on whether the petitioner assaulted the officer, but his lawyer did not. The petitioner asserted that he thus should have only been convicted of S.C. Code Ann. § 16-9-320(A), which is misdemeanor resisting arrest, rather than § 16-9-320(B), which is felony resisting arrest with assault on a law enforcement officer (PCR App. 285-90).

Counsel testified he was very familiar with the facts of the case and that the petitioner's passenger had nothing favorable to say for the petitioner's defense. As to Officer Gallman, counsel noted that Gallman freely admitted on cross-examination that he was not hurt, so there was no reason for counsel to request hospital records or the like. Counsel stated that his understanding of "assault" is that it does not require injury, and Gallman testified the car did hit him (PCR App. 319-21). On cross-examination, counsel noted he did

9

in fact make a directed verdict argument on the issue, but he did not think he was going to win. Counsel did not think the evidence supported a lesser-included offense (PCR App. 325-26).

The PCR court found that counsel was not ineffective, seeing no reason to request a lesser included offense because there was in fact contact with the officer. Moreover, the court also found counsel was able to demonstrate to the jury the officer was not injured (PCR App. 341).

The respondent first argues that the claim is procedurally barred. This court agrees. The instant claim was asserted in the PCR court, and the PCR judge ruled on the issue. However, the petitioner did not assert the claim on PCR appeal. If a petitioner before a federal district court fails to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts. In such a case, a federal district court is barred from considering the habeas claim absent a showing of cause and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice, as the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The petitioner has made no such showing.

Furthermore, the claim fails on the merits. South Carolina Code Ann. § 16-9-320(B) prohibits a person from "knowingly and wilfully assault[ing], beat[ing], or wound[ing] a law enforcement officer engaged in serving . . . a legal writ or process, . . . or when the person is resisting an arrest." "[T]he crime of assault involves an 'attempted battery' or an unlawful attempt or offer to commit a violent injury upon the person of another, coupled with the present ability to complete the attempt or offer by a battery." *State v. LaCoste*, 553 S.E.2d 464, 476 (S.C. Ct. App. 2001) (quoting *State v. Sutton*, 532 S.E.2d 283, 285 (S.C. 2000)). As argued by the respondent, under state law, whether or not the officer was injured is not

necessary to constitute an assault – indeed, a "touching" in not even required for an "assault." Moreover, the only evidence was that the petitioner *did* strike the officer with the car as he fled. Accordingly, a charge on the lesser included offense of resisting arrest would not have been warranted. *See generally State v. Ritter*, 370 S.E.2d 610 (S.C. 1988) (charge on lesser offense of resisting arrest warranted where witness testified defendant only snatched his arm back when officer attempted to lift him from chair, and appellant claimed he only jumped up and protested he was being grabbed).

Claims of ineffective assistance of counsel are governed by the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). First, the petitioner "must show that counsel's performance was deficient." *Id.* at 687. To prove deficiency, the petitioner "must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. Second, the petitioner must show that the deficient performance actually prejudiced him, *i.e.* "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Finally, the Court in *Strickland* held that "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies," and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* at 697. Review of counsel's performance is "highly deferential." *Id.* at 689. Based upon the foregoing, the petitioner has failed to show that his trial counsel's performance was deficient or that he was prejudiced in any way. Accordingly, the claim fails.

***Ground Two***

The petitioner's second ground for relief alleges that his trial counsel was ineffective for failure to challenge the chain of custody of the alleged crack cocaine. At trial, Officer Rodney Grey testified about recovering the drugs on the floorboard of the car the

petitioner was driving, filling out a form, and submitting them into evidence on February 2, 2001 (PCR App. 68-71). He was crossed-examined by defense counsel on the fact that the form states he seized the drugs from the petitioner, when in fact he merely took them from the car. Grey explained that he merely put the petitioner's name in the suspect place of the form as he had been instructed to do (PCR App. 73-77). SLED agent Melissa T. Horne was cross-examined on the fact that she received the drugs from the SLED drug box on March 6, 2001. Counsel objected to the drugs, asserting that Officer Grey did not actually receive the drugs from the petitioner as the form states. The court overruled the objection, finding that it went to credibility, not admissibility (PCR App. 105-09).

At PCR, the petitioner complained about the delay in transporting the drugs to SLED and the delay at SLED in actually performing an analysis, as well as the fact that Officer Grey's form implied he took the drugs from the petitioner personally (PCR App. 298-300; 307-08). Counsel testified that he raised the chain of custody issue, and it was rejected by the trial court. He asserted that he cross-examined the officer on the discrepancy in the form as to the source of the drugs, but pointed out that this simply was not a good case for the petitioner to try after the petitioner rejected the plea negotiations (PCR App. 319-20).

The PCR court found counsel not to be ineffective, noting that counsel did object to the chain, but counsel "cannot be ineffective for failing to get his objection sustained" (PCR App. 341). The issue was not presented in the PCR petition for writ of certiorari.

The respondent argues that the issue is procedurally barred as the issue was not pursued on PCR appeal. This court agrees. Furthermore, the claim fails on the merits. As found by the PCR court, the petitioner's trial counsel did in fact object to the chain of custody of the drug evidence. Counsel also cross examined the officer on the discrepancy in the report. The petitioner has not shown that the state court's ruling resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or that the decision was

12

based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the claim fails.

***Ground Three***

The petitioner's third ground for relief alleges that he "was denied due process of law" when the trial court overruled his *Batson v. Kentucky*, 476 U.S. 79 (1986), challenge "where the solicitor's articulated reason for striking a Black juror was pretextual." At trial, counsel asked for a *Batson* hearing, contending the State struck black jurors with all strikes. The State responded that it struck jurors it believed had convictions or pending charges. The first juror the State believed "may have" had convictions based on its list; the State was told by an officer in the courtroom that the second struck juror had a pending simple possession charge; the third juror was listed as having a magistrate's court conviction; the fourth juror was the sister of a defendant prosecuted by a testifying officer, and the officer actually searched the juror's house while attempting to apprehend the juror's brother; and the fifth juror had a magistrate's conviction. The State noted it also struck a white alternate with convictions and would have struck a white juror with convictions but was out of strikes at that point. The defense admitted it had no basis to challenge these representations by the State. The court found the State's reasons valid and race-neutral (PCR App. 13-17). The issue was raised by the appellate defender on direct appeal in the "no merit" *Anders* brief, but the state court of appeals dismissed the appeal.

The respondent argues that the claim fails on the merits. This court agrees. That a prospective juror has a criminal record is a proper race-neutral reason for striking the venire member. *United States v. Crawford*, 413 F.3d 873, 875 (8th Cir.2005). While the petitioner complains that the solicitor at one point mentioned that it was annotated on the State's jury list that the first struck juror "may have" had convictions (petition, att. C), the petitioner has offered nothing to show this was not the case. Even if the petitioner could

13

show that the struck jurors did not have convictions, this would not show purposeful discrimination if the solicitor was merely mistaken but otherwise had a good faith belief that the convictions existed.  *See United States v. Wilcox*, 487 F.3d 1163, 1170 (8th Cir. 2007) (defendant offered nothing to show the State's reliance on criminal records was mere pretext); *United States v. Watford*, 468 F.3d 891, 912-13 (6th Cir. 2006) (government's mistaken belief in exercising strike was still race-neutral and did not indicate purposeful discrimination).  Based upon the foregoing, this claim fails.

***Ground Four***

In his fourth ground for relief, the petitioner contends that his trial counsel was ineffective for failing to object to his drug sentence being enhanced as a second offense because his prior marijuana conviction was uncounseled.  At PCR, the petitioner claimed his 1994 conviction for simple possession of marijuana was uncounseled and that he served jail time (PCR App. 290-92).  On PCR appeal, the appellate defender noted this testimony, but admitted the PCR court had not ruled on or otherwise addressed the testimony, and asked that the matter be remanded to the PCR court to address the claim. The PCR appeal was denied.  As an initial matter, this claim is procedurally barred.  As PCR appellate counsel conceded, the PCR trial court did not rule on any claim regarding sentence enhancement. No Rule 59(e) motion to alter or amend was filed on the issue.  Indeed, PCR counsel did not argue this issue in closing at the PCR hearing (PCR App. 328).  Since the issue was not properly raised to and/or ruled upon by the PCR court, it would not have been preserved for PCR appeal.  *Plyler v. State*, 424 S.E.2d 777 (S.C. 1992) (issue must be both raised to and ruled upon by PCR judge to be preserved for appellate review); Rule 59(e), SCRCP (providing avenue for any party to move to alter or amend a judgment).  Since the petitioner did not present this claim to the South Carolina appellate courts for review in a procedurally viable manner when he had the opportunity, and the South Carolina state courts would find

14

it procedurally defaulted if the petitioner attempted to raise it now, then the claim is procedurally barred in federal habeas corpus. *See, e.g. Coleman v. Thompson*, 501 U.S. 722 (1991).

The claim also fails on the merits. The petitioner offered no documentary proof of either the allegedly uncounseled nature of the conviction or any time he spent in jail. A prior uncounseled misdemeanor conviction may be used to enhance the sentence for a subsequent offense only if no prison term was imposed. *See Nichols v. United States*, 511 U.S. 738, 748-49 (1994). However, the petitioner's mere conclusory statements and allegations fail to carry his burden of proof of showing he did not knowingly and voluntarily waive his right to counsel. *United States v. Henriquez*, No. 06-5175, 2007 WL 2004466, *1 (4th Cir. July 9 , 2007) (citing *Parke v. Raley*, 506 U.S. 20, 28-34 (1992)). The petitioner did not offer a warrant, an indictment, a sentencing sheet, or jail records in support of his allegation, nor did he allege that he informed trial counsel that his prior conviction was uncounseled. Accordingly, the petitioner did not meet his burden to prove that trial counsel was ineffective in this regard.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment be granted.

                                        s/William M. Catoe
                                        United States Magistrate Judge

April 15. 2008

Greenville, South Carolina

15