IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Richard Alvin Sims, #273381, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 6:07-1667-HMH-WMC |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Colie Rushton, Warden of McCormick Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court with the Report and Recommendation of United States Magistrate Judge William M. Catoe made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 of the District of South Carolina.[1] Richard Alvin Sims ("Sims") is a pro se state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Magistrate Judge Catoe recommends dismissing Sims's habeas corpus petition and granting Colie Rushton's ("Respondent") motion for summary judgment. Sims filed objections to the Report and Recommendation. After review, the court adopts the Magistrate Judge's Report and grants the Respondent's motion for summary judgment and dismisses Sims's petition.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

Sims is currently incarcerated at McCormick Correctional Institution. After a trial on May 16-17, 2001, a jury convicted Sims of assault on a police officer while resisting arrest, failure to stop for a blue light, and possession with intent to distribute crack cocaine. (PCR App. 189.) Attorney Cliff Scott ("Scott") represented Sims at trial. Sims was sentenced to ten years' imprisonment for the assault on a police officer, three years' imprisonment for failure to stop for a blue light, and twenty-five years' imprisonment for possession with intent to distribute crack cocaine. (Id. at 196.) The terms for assault and possession with intent to distribute crack cocaine were to run consecutively to one another. (Id.)

Daniel T. Stacey ("Stacey") represented Sims on appeal and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the issue of "[w]hether the court erred when it overruled appellant's *Batson* challenge where the solicitor's articulated reason for striking a Black juror was pretextual." (Id. 208.) After review, the South Carolina Court of Appeals dismissed Sims's appeal on March 6, 2008. However, Sims subsequently filed a pro se initial brief dated March 24, 2003, which the South Carolina Court of Appeals considered a petition for rehearing. The court denied the petition for rehearing on April 18, 2003. On April 22, 2003, Sims filed a pro se "motion to raise subject matter jurisdiction," which the court returned by letter dated April 30, 2003, since Sims had no action still pending before the court.

On May 21, 2003, Sims filed a petition for writ of certiorari with the South Carolina Supreme Court, raising the following issues:

1. Did the Court of Appeals err where it denied Petitioner's Motion for Rehearing raising issue concerning question of jurisdiction, and can Petitioner raise question in this Court for first time on Appeal?

2. Does "any" trial court have subject matter jurisdiction to Issue a warrant in a 'persons' absence for a crime, and does this prejudice an accused's trial right?

3. Under Article V, § 4, does this Court have the original jurisdiction to regulate "Bench Trials," and "jury trials" in this state pursuant to S.C. Code Ann. § 17-23-60 (1976)?

The South Carolina Supreme Court denied Sims's petition for writ of certiorari by order dated November 6, 2003. Sims filed a motion for reconsideration on November 12, 2003, which the court denied on November 18, 2003. The remittitur was sent down on November 7, 2003.

Sims filed an application for post-conviction relief ("PCR") on January 8, 2004. (Id. 215.) The State filed a return dated April 19, 2004. (Id. 271.) An evidentiary hearing was held on January 12, 2005, before the Honorable Wyatt T. Saunders ("Judge Saunders"). (Id. 275.) Sims was present and represented by attorney Gwendlyne Y. Smalls ("Smalls"). (Id.) At the hearing, Judge Saunders orally denied relief and on March 16, 2004, filed an order of dismissal with prejudice rejecting Sims's claims. (Id. 333, 336-13.)

Smalls filed a timely notice of appeal with the South Carolina Supreme Court of the PCR order of dismissal. Robert M. Pachak ("Pachak") represented Sims in the appeal of his PCR action, and filed a petition for writ of certiorari on October 25, 2005, in which he raised the issue of "[w]hether petitioner's case should be remanded for a determination of whether defense counsel was ineffective in failing to object to the sentence being enhanced on petitioner's drug offense when his prior marijuana offense was an uncounsel[ed] guilty plea with jail time." The State filed a return to the petition on January 9, 2006, and the case was transferred to the South

Carolina Court of Appeals. On May 14, 2007, the Court of Appeals issued an order denying Sims's petition for writ of certiorari, and the remittitur was sent down on June 1, 2007.

Sims filed the instant § 2254 petition on June 12, 2007,[2] raising the following claims:

1. Trial Counsel was ineffective as to the assault while resisting arrest charge because he did not object and he did not ask for a lesser offense.

2. Counsel was ineffective for failure to challenge the chain of custody of the alleged crack cocaine.

3. Petitioner was denied due process of law when the trial court overruled Petitioner's "Batson's" challenge where the solicitor's articulated reason for striking a Black juror was pretextual.

4. Counsel was ineffective for failing to object to Petitioner's prior misdemeanor, uncounseled conviction for simple possession of marijuana being used to enhance his sentence.

(Sims's Mem. Supp. § 2254 Pet. 1, 3.)

On September 19, 2007, the Respondent filed a motion for summary judgment. The court advised Sims of summary judgment procedures and possible consequences by order filed September 20, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Sims sought and received two extensions of time to respond, and filed his response on December 10, 2007. The Magistrate Judge issued his Report and Recommendation on April 15, 2008, recommending granting the Respondent's motion for summary judgment and dismissing Sims's § 2254 petition.

---

[2] See Houston v. Lack, 487 U.S. 266 (1988).

## II. Discussion of Law

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Moreover, "[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). With respect to this burden, "it is the responsibility of the [nonmovant], not the court, to identify with particularity the evidentiary facts existing in the record which can oppose the [movant's] summary judgment motion." Malina v. Baltimore Gas & Elec. Co., 18 F. Supp. 2d 596, 604 (D. Md. 1998).

### B.  Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254.  Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim –
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Sims has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  With respect to reviewing the state court's application of federal law, "'[a] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)).  Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Humphries, 397 F.3d at 216 (quoting Williams, 529 U.S. at 410).  "Thus, to grant [Sims's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

6

## C. Objections to the Report and Recommendation

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

### 1. Ineffective Assistance of Counsel: Lesser-Included Offense

Sims's first ground for relief is that Scott was ineffective for failing to object to the assault while resisting arrest charge and for failing to seek a lesser-included offense. (Sims's Mem. Supp. § 2254 Pet. 1.) The Magistrate Judge found that summary judgment should be granted on this claim because the claim is procedurally barred and fails on the merits. (Report and Recommendation 10.) Sims objects to both findings. (Objections 1-4.)

> Under the well-established doctrine of procedural default, a federal habeas court may not review a claim that a state court has found to be clearly and expressly defaulted under an independent and adequate state procedural rule unless the prisoner can demonstrate cause for the default and prejudice resulting therefrom or demonstrate that a failure to consider the claims will result in a fundamental miscarriage of justice.

Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999). "It is the rule in this country that assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in habeas. Claims not so raised are considered defaulted." Breard v. Greene, 523 U.S. 371, 375 (1998) (internal citation omitted). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).

7

Sims raised this claim in his PCR action, and the PCR judge ruled on the issue. However, Sims did not assert the claim on appeal. Because Sims failed to appeal the denial of this claim, it is procedurally defaulted. See Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986) ("[F]ailure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims."). Further, Sims has not alleged or established cause for the default or prejudice resulting therefrom or that a fundamental miscarriage of justice would result from not considering his claim.

In addition, the court agrees with the Magistrate Judge that the claim fails on the merits. In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, a petitioner must demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, the petitioner must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Sims states in his objections that there is no evidence that he "knowingly" assaulted an officer because he denies that an assault occurred. However, the undisputed evidence in the case was that after officers stopped Sims for speeding and asked him to step out of the car, Sims drove away and "glanced" one of the officers with his car. (PCR App. 63.) Further, Scott moved for a directed verdict at trial on the assault charge, arguing that the mere "glance" was insufficient to show an intent to harm the officer. (Id. 112-13.) The trial court found this was an

issue for the jury and denied the motion. (Id.) Sims has presented no evidence that Scott rendered ineffective assistance with regard to his charge for assault. Therefore, Sims's ineffective assistance of counsel claim based on his objection that he did not "knowingly" assault an officer is without merit.

### 2. Ineffective Assistance of Counsel: Chain of Custody

Sims's second ground for relief is that Scott was ineffective for failing to challenge the chain of custody of the crack cocaine found in his possession during his arrest. (Sims's Mem. Supp. § 2254 Pet. 1.) The Magistrate Judge found that summary judgment should be granted on this claim because the claim is procedurally barred and fails on the merits. (Report and Recommendation 12-13.) Sims objects to both findings. (Objections 5-7.)

It is undisputed that Sims raised this claim in his PCR application, but failed to pursue the claim on appeal. Sims asserts that this claim should not be procedurally barred because Pachak, his counsel on appeal, rendered ineffective assistance of counsel by failing to pursue the claim. (Id. 5.)

Sims's procedural default may be excused if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991). However, "counsel's ineffectiveness will constitute cause [to excuse procedural default] only if it is an independent constitutional violation," and "there is no right to counsel in state collateral proceedings." Id. at 755. Therefore, Sims's allegation that Pachak rendered ineffective assistance of counsel during his PCR appeal does not constitute cause to excuse Sims's procedural default of his claim of ineffective assistance of counsel based

9

on Scott's failure to object to the chain of custody of the crack cocaine found in Sims's possession.

Further, this claim fails on the merits. Scott did object to the chain of custody and cross-examined the officer who recovered the crack cocaine on the fact that he actually found the drugs on the floor of Sims's car, but stated on a form that he seized the drugs from Sims. (PCR App. 68-71, 73-77, 105-09.) However, the court denied the objection and admitted the seized crack cocaine into evidence. (Id. 105-110.) The PCR court found that Scott did not render ineffective assistance of counsel on this issue because he did object to introduction of the drugs based on its chain of custody, but could not "be ineffective for failing to get his objection sustained." (Id. 341.) The court agrees and finds that Sims has failed to demonstrate that Scott rendered ineffective representation. Therefore, the court agrees with the Magistrate Judge that this claim is procedurally defaulted and fails on the merits.

### 3. Due Process Claim

Sims's third ground for relief is that he "was denied due process of law" when the trial court overruled his Batson v. Kentucky, 476 U.S. 79 (1986), challenge "where the solicitor's articulated reason for striking a Black juror was pretextual." (Sims's Mem. Supp. § 2254 Pet. 3.) The Magistrate Judge found that this claim fails on the merits because the solicitor stated that it struck jurors it believed to have convictions or pending charges, which is a proper race-neutral reason for striking potential jurors. (Report and Recommendation 13.) Sims objects to this finding and asserts that the solicitor's articulated reason for striking black jurors was pretextual because "all the prosecutor's strikes were used against black jurors." (Objections 7.) Sims

argues this constitutes "clear and convincing evidence" that the solicitor used race as a factor in deciding whether or not to use his strikes against potential jurors. (Id. 8.)

Sims's objection is factually incorrect and without merit. Prior to trial, Scott challenged the solicitor's strikes based on Batson. (PCR App. 13-14.) The solicitor responded that he struck the potential jurors based on prior convictions or pending charges. (Id. 14-15.) In addition, the solicitor stated that he struck one juror because one of his witnesses had previously searched her residence in connection with her brother's pending drug charges. (Id. 15.) One of the jurors struck by the solicitor for having a prior conviction was a white male. (Id.) In addition, the solicitor stated that he would have struck another white male for the same reason, but was out of strikes. (Id. 15-16.) Upon hearing the solicitor's proffered reasons for striking the potential jurors, Scott admitted that he had no way of contesting the solicitor's reasons or demonstrating that they were pretextual. (PCR App. 16.) Based on the hearing, the court concluded that the solicitor's reasons for striking the black jurors were race-neutral and denied Sims's challenge to the solicitor's strikes. (Id. 16-17.)

The solicitor presented detailed and specific race-neutral reasons for striking black jurors in Sims's trial. Based on these reasons, the court finds no error in the trial court's finding that Sims failed to establish purposeful discrimination. The trial court's procedure and finding complied with the Supreme Court's holding in Batson. 476 U.S. at 97-98 ("Once the defendant makes a prima facie showing [of racial discrimination], the burden shifts to the State to come forward with a neutral explanation for challenging black jurors. . . . The trial court then will have the duty to determine if the defendant has established purposeful discrimination."). The solicitor did not improperly rely on race or merely "deny[] that he had a discriminatory motive." Id. at 98.

11

Further, Sims has made no showing that the solicitor's reasons were pretextual. See United States v. Wilcox, 487 F.3d 1163, 1170 (8th Cir. 2007) (upholding a conviction when the defendant "made no showing that the government was using the prospective juror's conviction as a pretext for purposeful discrimination"). Therefore, Sims's claim that his due process rights were violated when the trial court overruled his Batson challenge is without merit.

### 4. Ineffective Assistance of Counsel: Sentence Enhancement

Sims's final ground for relief is that Scott rendered ineffective assistance of counsel by failing to object to his drug sentence being enhanced as a second offense because a prior marijuana conviction was uncounseled. (Sims's Mem. Supp. § 2254 Pet. 3.) The Magistrate Judge found that this claim is procedurally barred and fails on the merits. (Report and Recommendation 14-15.) Sims objects to both findings. (Objections 9-10.)

At Sims's PCR hearing, he testified that his 1994 conviction for possession of marijuana was uncounseled and that he served jail time. (PCR App. 290-92.) However, Smalls failed to raise the issue in closing arguments, and the PCR court did not rule on the issue. On appeal, Pachak conceded that the PCR court did not rule on the issue and asked that the matter be remanded to the PCR court to address the claim. (Id. 328.) The South Carolina Court of Appeals denied the appeal. Because this claim was not properly raised or ruled upon by the PCR court, it was not preserved for appeal. See Plyler v. State, 424 S.E.2d 477, 478 (S.C. 1992) (finding claim not raised at the PCR hearing or ruled upon procedurally barred). Therefore, this claim is procedurally barred.

In addition, this claim fails on the merits. In support of his claim, Sims has presented a copy of his "rap sheet" with his objections. (Objections Ex. B (Prior Charges and Dispositions).)

While most of this document is so faded as to be illegible, Sims has handwritten over part of the document. This writing indicates that Sims was convicted in 1994 of possession of marijuana and sentenced to 30 days' imprisonment. (Id.) In addition, Sims has submitted a letter purportedly from Cecilia E. Dodgen ("Dodgen"), identified as "secretary" of the Newberry County Municipal Court. (Id. Ex. D (10/24/07 Letter).) In the letter, Dodgen states that she has "no information concerning an attorney representing you" but that in her opinion she does not believe that he "could have retained an attorney and the attorney be prepared to represent you in court within six (6) days time[, the time between his arrest and initial hearing]." (Id.)

However, the court finds that Dodgen's opinion that Sims's conviction must have been uncounseled is insufficient to demonstrate that his conviction was, in fact, uncounseled or that he did not knowingly and voluntarily waive his right to counsel. Sims's "conclusory and unsupported allegation fails to overcome the presumption that the state court informed him of his right to counsel as it was required to do." United States v. Henriquez, Nos. 06-5175 & 06-5276, 2007 WL 2004466, at *1 (4th Cir. July 9, 2007) (unpublished) (citing Parke v. Raley, 506 U.S. 20, 28-34 (1992). Further, Sims does not allege that he informed Scott that his prior conviction was uncounseled. Therefore, Sims's claim that Scott rendered ineffective assistance of counsel by failing to object to the sentence enhancement based on his prior conviction is without merit and procedurally barred. Based on the foregoing, the court adopts the Magistrate Judge's Report and Recommendation.

Therefore, it is

**ORDERED** that the Respondent's motion for summary judgment, docket number 13, is granted, and Sims's § 2254 petition is dismissed.

**IT IS SO ORDERED**.

                                                 s/Henry M. Herlong, Jr.
                                                 United States District Judge

Greenville, South Carolina
May 28, 2008

### NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.